### No. 312

#### KUNKEL et v. POPOWICH et

#### No. 19656. Supreme Court

On motion to certify. Dock. March 11, 1926; 4 Abs. 176.

**367. DEEDS**—Of what effect is a revisionary clause in a deed which provides that if intoxicating liquor is sold on the property, it will revest in the grantor?

Nettie and Albert Kunkel brought this action originally in the Tuscarawas Common Pleas against Michael Popowich, Dorinka Popowich, and Exchange National Bank, of Dover, Ohio, to enforce a reversionary clause in a deed and to quiet title.

It appears that the Kunkles conveyed by warranty deed, certain property to Popowich, for a valuable consideration. There was, however, the following clause in the deed:

"It is expressly agreed and made a condition herein that no intoxicating liquors shall ever hereafter be sold on or upon said premises, and upon a violation of this condition, the above described premises shall immediately revert to the grantors herein, their heirs and assigns."

The petition averred a breach of this covenant.

The answer filed by Popowich set up the fact that the same reversionary clause was in the prior deed which conveyed the property to Nettie Kunkle and that therefore Nettie and Albert Kunkle were not entitled to the premises. A general denial was also filed. The judgment of the Common Pleas for Popowich was affirmed by the Appeals.

Kunkle, in the Supreme Court, contends:

That the restriction in the clause is not impossible or unlawful; that it is not contrary to public policy; that it is not in restraint of alienation and therefore should be enforced; that the right of reversion is not an assignment by Kunkle's grantors, but a contractual right between the parties hereto.

**Attorneys**—Bowers & Bowers, for Kunkle; Seikel & Hill for Popowich; all of New Philadelphia.